ED-7
FILED FOR DOCKETING

04 JAN 14 AM 10:48

CLERK
U.S. DISTRICT COURT

ORIGINAL

Fisher And Fisher
File # 58502

DOCKETED
JAN 1 5 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

04C 0247

JUDGE MANNING

MAGISTRATE JUDGE KEYS

| | |
|---|---|
| Midfirst Bank **Plaintiff** VS. Kimberly A. Johnson, **Defendant** | ) ) ) ) NO. ) ) ) |

This is an attempt to collect a debt and any information obtained will be used for that purpose.

## COMPLAINT FOR FORECLOSURE

Now comes Plaintiff, Midfirst Bank, by its attorneys, FISHER AND FISHER, ATTORNEYS AT LAW, P.C., and, pursuant to Illinois Compiled Statutes, Chapter 735, Section 15, 15-1101 et seq., alleges the following:

1. Jurisdiction of this court is based upon diversity of citizenship. Midfirst Bank is a corporation incorporated under the laws of the STATE OF Oklahoma, having its principal place of business in the STATE OF Oklahoma. - Kimberly A. Johnson, an Illinois citizen. This matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Plaintiff files this complaint to foreclose the mortgage hereinafter described, and joins the following persons as defendants:

Kimberly A. Johnson,

3. Attached as Exhibit "B" is a copy of the mortgage and as Exhibit "C" is a copy of the assignment(s) secured thereby.

4. Information concerning mortgage:



(A) Nature of instrument: Mortgage

(B) Date of Mortgage: June 25, 1999

(C) Name of Mortgagor: Kimberly A. Johnson

(D) Name of Mortgagee: City Mortgage, Inc.

(E) Date and place of recording: August 16, 1999, Cook County Recorder of Deeds Office

(F) Identification of recording: 99778966

(G) Interest subject to the mortgage: Fee Simple

(H) Amount of original indebtedness including subsequent advances made under the mortgage: $73,850.00

(I) Legal description and the common address:
Lot 87 in Chapmans' Subdivision, being a Subdivision of part of the Northeast 1/4 of Section 15, Township 36 North, Range 14, East of the Third Principal Meridian, according to the Plat thereof recorded September 28, 1954, as document number 16028027, and filed September 28, 1954, in the Office of the Registrar of Titles of Cook County, Illinois, as document number 1549802, in Cook County, Illinois.
c/k/a 15513 Rose Drive, South Holland, IL 60473
Tax I.D.#29-15-214-009-0000

(J) Statement as to default now due:

1. Date of default: 07/2003.

2. Unpaid principal balance: $79,322.27.

3. Per diem interest accruing: $18.20.

(K) Name of present owners of the real estate:
Kimberly A. Johnson

(L) Names of other persons who are joined as defendants and whose interest in or lien on the mortgaged real estate is sought to be terminated:

NONE

(M) The following defendants, except those who have received a discharge of this debt in any chapter under the United States Bankruptcy Code, may be held personally liable for the deficiency, if any:

Kimberly A. Johnson

(N) Capacity in which plaintiff brings this foreclosure: Plaintiff is the owner and legal holder of said note, mortgage and indebtedness.

(O) Facts in support of request for attorneys' fees and of costs and expenses.

Plaintiff has been required to retain counsel for litigation of this foreclosure and to incur substantial attorney fees, court costs, title insurance or abstract costs and other expenses which should be added to the balance secured by said mortgage, and which are a lien upon said real estate being foreclosed, as provided in said mortgage.

5. Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (1977), Defendant(s) may dispute the validity of the debt or any portion thereof. If Defendant(s) do so in writing within thirty (30) days of receipt of this pleading, Counsel for Plaintiff will obtain and provide Defendant(s) with written verification thereof; otherwise, the debt will be assumed to be valid. Likewise, if requested within thirty days (30) days of receipt of this pleading, Counsel for Plaintiff will send Defendant(s) the name and address of the original creditor if different from above.

## REQUEST FOR RELIEF

Plaintiff, Midfirst Bank, requests:

(i) A judgment to foreclose such mortgage providing for a sale by public auction

(ii) An order granting a shortened redemption period, if authorized by law.

(iii) A personal judgment for a deficiency, if authorized by law.

(iv) An order granting possession.

(v) An order placing the mortgagee in possession or appointing a receiver if and when sought.

(vi) A judgment for attorneys' fees, costs and expenses including but not limited to payments for taxes, insurance, securing, inspections and other expenses of the plaintiff.

(vii)   Enforcement of its assignment of rents derived from said real estate.

(viii)  Such other relief as equity may require, including, but not limited to, declaratory and injunctive relief.

Plaintiff
Midfirst Bank

By: _____
    One of Plaintiff's Attorneys

**Attorneys for Plaintiff**
**FISHER AND FISHER**
**ATTORNEYS AT LAW, P.C. #3309**
**120 North LaSalle Street, Suite 2520**
**Chicago, IL 60602**
**(773) 854-8055**
**ARDC# 816108**

99778966
7063/0023 62 001 Page 1 of    8
1999-08-16  09:05:48
Cook County Recorder         35.00

**BOX 260**

1126518 3/2

Prepared by:
CITY MORTGAGE INC.
1600 167TH ST., SUITE 18
CALUMET CITY, IL   60409

State of Illinois

# MORTGAGE

FHA Case No.

131:9713124-796

THIS MORTGAGE ("Security Instrument") is given on   June 25th, 1999
The Mortgagor is
KIMBERLY A. JOHNSON
AN UNMARRIED WOMAN

("Borrower"). This Security Instrument is given to  CITY MORTGAGE, INC.

which is organized and existing under the laws of THE  STATE OF INDIANA                , and
whose address is 1600 167TH ST., SUITE 18        CALUMET CITY, IL   60409
                                        ("Lender"). Borrower owes Lender the principal sum of
Seventy Three Thousand Eight Hundred Fifty and 00/100
                                        Dollars (U.S. $73850.00                ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on July 1st, 2029
                        . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the
Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums,
with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance

FHA Illinois Mortgage - 4/96

-4R(IL) (9608)

VMP MORTGAGE FORMS - (800)821-7291

Page 1 of 8          Initials:

ATGF, INC      **EXHIBIT β**

of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to the Lender the following described property located in COOK County, Illinois:

LOT 87 IN CHAPMANS SUBDIVISION, BEING A SUBDIVISION OF PART OF THE NORTH EAST 1/4 OF SECTION 15, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED SEPTEMBER 28, 1954, AS DOCUMENT NUMBER 16028027 AND FILED SEPTEMBER 28, 1954, IN THE OFFICE OF THE REGISTRAR OF TITLES OF COOK COUNTY, ILLINOIS, AS DOCUMENT NUMBER 1549802, IN COOK COUNTY, ILLINOIS.

Parcel ID #: 29-15-214-009-0000
which has the address of  15513 ROSE DRIVE                    SOUTH HOLLAND               [Street, City],
Illinois      60473                  [Zip Code]  ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 *et seq.* and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

-4R(IL) (9608)                                       Page 2 of 8                                        Initials

99778966

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or

-4R(IL) (9608)

Page 3 of 8

Initials: _____

99778966

abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

-4R(IL) (9608)

Page 4 of 8

Initials:

99778966

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

-4R(IL) (9608)

Page 5 of 8

Initials:

99778966

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

-4R(IL) (9608)    Page 6 of 8    Initials:

99778966

18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. Waiver of Homestead. Borrower waives all right of homestead exemption in the Property.

21. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider          ☐ Growing Equity Rider          ☐ Other [specify]
☐ Planned Unit Development Rider   ☐ Graduated Payment Rider          ADJUSTABLE RATE RIDER

4R(IL) (9608)                          Page 7 of 8                          Initials: _____

99778966

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____

_____ (Seal)
KIMBERLY A. JOHNSON                    -Borrower

_____

_____ (Seal)
                                       -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
                                       -Borrower

STATE OF ILLINOIS, COOK                                County ss:
    I, the undersigned          , a Notary Public in and for said county and state do hereby certify
that
KIMBERLY A. JOHNSON
AN UNMARRIED WOMAN

, personally known to me to be the same person(s) whose name(s) subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he/she/the signed and delivered the said instrument as his/her/their free and voluntary act, for the uses and purposes therein set forth.

    Given under my hand and official seal, this 25th         day of June         , 1999    .

My Commission Expires:

OFFICIAL SEAL
ANGELA GIANCANA
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXP   MAY 16 2000

Notary Public

-4R(IL) (9608)              Page 8 of 8

99778966

99899173
7900/0017 28 001 Page 1 of    2
1999-09-23  09:06:56
Cook County Recorder         23.00

BOX 260

## ASSIGNMENT OF NOTE AND MORTGAGE

FOR VALUE RECEIVED, City Mortgage, Inc., hereby assigns, transfers and sets over to
RESOURCE BANCSHARES MORTGAGE GROUP, INC.                     that certain
mortgage executed by KIMBERLY A. JOHNSON
AN UNMARRIED WOMAN                                                           as
Mortgagor, to City Mortgage, Inc., as Mortgagee, dated June 25th, 1999         conveying the following described
real estate, to wit:
LOT 87 IN CHAPMANS SUBDIVISION, BEING A SUBDIVISION OF PART OF THE NORTH EAST 1/4 OF
SECTION 15, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN,
ACCORDING TO THE PLAT THEREOF RECORDED SEPTEMBER 28, 1954, AS DOCUMENT NUMBER 16028027
AND FILED SEPTEMBER 28, 1954, IN THE OFFICE OF THE REGISTRAR OF TITLES OF COOK COUNTY,
ILLINOIS, AS DOCUMENT NUMBER 1549802, IN COOK COUNTY, ILLINOIS.

ADDRESS:   15513 ROSE DRIVE
           SOUTH HOLLAND, IL   60473

PARCEL #: 29-15-214-009-0000

and recorded in the Recorder's Office of COOK                      County, State of IL
as Document No. 99778966                   together with note and indebtedness secured thereby.

IN WITNESS WHEREOF, City Mortgage, Inc., has caused its corporate seal to be hereto affixed and these presents to
be signed by its Vice-President and attested by its Assistant Secretary, this 25th         day of June
1999         .

City Mortgage, Inc.

WENDY K. COSTINO, VICE-PRESIDENT

ATTEST:

Eric Thompson

ERIC THOMPSON, ASSISTANT SECRETARY

Page 1 of 2
ELECTRONIC LASER FORMS, INC. - (800)327-0545

-8579024 (9712)

ATGF, INC.
EXHIBIT C

STATE OF   ILLINOIS       )

                                )   SS:               **99899173**

COUNTY OF  COOK         )

       I, the undersigned, a Notary Public in and for the County and State aforesaid, do hereby certify that the above-named Vice-President and Assistant Secretary, respectively, of City Mortgage, Inc., personally known to me to be the same persons whose names are subscribed to the foregoing instrument as such Officers appeared before me this day in person and acknowledged that they signed and delivered the said instrument as their free and voluntary act and as the free and voluntary act of said corporation for the uses and purposes therein set forth; and the said Assistant Secretary acknowledged that she, as custodian of the corporate seal of said corporation, did affix the same to said instrument as her free and voluntary act and as the free and voluntary act of said corporation for the uses and purposes therein set forth.

     GIVEN under my hand and seal, this 25th     day of  June                   , 1999

                                           _____
                                         NOTARY PUBLIC

My Commission Expires: 5-19-03

                                   **OFFICIAL SEAL**
                            **BETTY M CHRISTIANSON**
                          NOTARY PUBLIC, STATE OF ILLINOIS
                          MY COMMISSION EXPIRES:05/19/03

This instrument prepared by & MAIL TO: CITY MORTGAGE, INC., Loan Shipping Department, 1600 167th Street, Suite #18, Calumet City, IL 60409.

1857924 (9712)



00077263

9490/0021 25 001 Page 1 of 2
**2000-01-31 08:57:18**
Cook County Recorder          23.50

LOAN #: 19972389          POOL #: 498785          RBMG LOAN #: 276574
INV #:
STATE OF ILLINOIS                    COUNTY OF  COOK
ASSIGNMENT OF MORTGAGE
FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to
HomeSide Lending, Inc.                    , all the rights, title and interest of undersigned in and to that
Mortgage dated          06/25/1999 , executed by
KIMBERLY A. JOHNSON

and recorded in Book/ 7063          , Document No.  99778966          , Page/ 0023          , on          08/16/1999

Tax ID # 29-15-214-009-0000
COOK                              County Records, State of Illinois; property being located at
15513 Rose Drive, South Holland, IL 60473-0000
TOGETHER with the note or notes therein described or referred to, the money due and to become due thereon with interest,
and all rights accrued or to accrue under said Mortgage.
Attest:                              Resource Bancshares Mortgage Group, Inc.

_Stephanie Nelson_                    _A. McNeil_                    SEAL
Stephanie Nelson                                                      1992
Assistant Secretary                    By:    A. McNeil
STATE OF    SC                        Its:   Assistant Vice President
COUNTY OF    Richland
On   January 03, 2000          before me, the undersigned, a Notary Public in and for said County and State personally
appeared    A. McNeil                    to me personally known, who, being duly sworn by me, did say that s/he
is the          Assistant Vice President          of the Corporation named herein which executed the within instrument,
that the seal affixed to said instrument is the corporate seal of said corporation; that said instrument was signed and sealed on
behalf of said corporation pursuant to it's by-laws or a resolution of it's Board of Directors and that he/she acknowledges said
instrument to be the free act and deed of said corporation.

_Diane A. Siegel_
Diane A. Siegel                    Notary Public
My Commission Expires:          07/25/2004

Prepared by and Return to:
JCRAIG
Resource Bancshares Mortgage Group, Inc.
7909 Parklane Road, Suite 150
Columbia, SC 29223
1(800)933-2890 EXT.    4247
01/03/2000 HOM15 7/00 11/99

page1

DocumentRetrieval : FASTSearch

EXHIBIT C

LOAN #:  19972389          POOL #:  498785          RBMG LOAN #:   276574

ASSIGNED FROM:    Resource Bancshares Mortgage Group, Inc.
ASSIGNED TO:   HomeSide Lending,   Inc.

MORTGAGOR NAME:
KIMBERLY A. JOHNSON

LEGAL DESCRIPTION:
LOT 87 IN CHAPMANS SUBDIVISION, BEING A SUBDIVISION OF PART OF THE NORTH EAST ? OF
SECTION 15, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN,
ACCORDING TO THE PLAT THEREOF RECORDED SEPTEMBER 28, 1954, AS DOCUMENT NUMBER 16028027
AND FILED SEPTEMBER 28, 1954, IN THE OFFICE OF THE REGISTRAR OF TITLES OF COOK COUNTY,
ILLINOIS, AS DOCUMENT NUMBER 1549802, IN COOK COUNTY, ILLINOIS.

Prepared by and Return to:
JCRAIG

Resource Bancshares Mortgage Group, Inc.
7909 Parklane Road, Suite 150
COLUMBIA, SC 29223
1(800)933-2890 EXT.  4247
01/03/2000 HOM15 7/00 11/99

page 2





**0030433824**
6177/0152 33 001 Page 1 of 2
**2003-03-31 13:35:10**
Cook County Recorder 26.00

0030433824

HSL Loan No. 1997238-9
Pool No. 498785MF
Loan No. 48152099
THIS DOCUMENT WAS PREPARED BY
AND WHEN RECORDED MAIL TO:
MIDFIRST BANK / MAIL PROCESSING
2730 N. PORTLAND
OKLAHOMA CITY, OK
ATTN:

54960

## ASSIGNMENT OF MORTGAGE/DEED OF TRUST

For good and valuable consideration, the sufficiency of which is hereby acknowledged, the undersigned,

**HOMESIDE LENDING, INC.**

whose address is 7301 BAYMEADOWS WAY JACKSONVILLE, FLORIDA 32256 (Assignor)
By these presents does convey, grant, bargain, sell, assign, transfer and set over to:

**MIDFIRST BANK**

whose address is 999 N.W. GRAND BOULEVARD, SUITE 100 OKLAHOMA CITY, OK 73118 (Assignee)
the described Mortgage/Deed of Trust, together with the certain note(s) described therein with all interest, all liens and any rights due
or to become due thereon.

Said Mortgage/Deed of Trust is recorded in the State of ILLINOIS, County of COOK.

Official Records on: 08/16/1999  Original Loan Amount: **$73,850.00**   Mortgage Date: 06/25/1999
Original Mortgagor: **KIMBERLY A JOHNSON**,
                          Trustee:

Instr #: 99778966    Doc #:              Cert #:           Book:          Page:
Legal: **See Attached Legal Description**   Mortgagee: CITY MORTGAGE, INC.
Section:        Lot:            Block:

Property/Tax ID # 29-15-214-009-0000                Group #: 0      District #: 0
Address: 15513 ROSE DRIVE, SOUTH HOLLAND, IL 60473
Date: 05/31/2002                        HOMESIDE LENDING, INC.

                                        TAMMY L. WHITING, VICE PRESIDENT

                                        TANGERINE HARRISON, ASSISTANT SECRETARY

STATE of FLORIDA, COUNTY of DUVAL
The foregoing instrument was acknowledged before me this 31st day of May, 2002 by TAMMY L. WHITING, VICE PRESIDENT
and TANGERINE HARRISON, ASSISTANT SECRETARY of HOMESIDE LENDING, INC., 7301 BAYMEADOWS WAY,
JACKSONVILLE, FLORIDA 32256, A FLORIDA Corporation, on behalf of the corporation. He/She is personally known to me
and did take an oath.

KATHY J. CHOAT, Notary Public
State of FLORIDA at Large, My Commission Expires:

Kathy J. Choat
MY COMMISSION # DD027011 EXPIRES
May 17, 2005
BONDED THRU TROY FAIN INSURANCE INC

07/19/2002 GWEN AUSTIN Batch #: 3 SaleID: MDF072

THIS INSTRUMENT WAS PREPARED BY
B. FISHER
120 N. LA SALLE STREET
CHICAGO, ILLINOIS 60602

BOX 50

**EXHIBIT C**



BOX 50

**Loan Number:** 19972389

**Legal Description:**

LOT 87 IN CHAPMANS SUBDIVISION, BEING A SUBDIVISION OF PART OF THE NORTH EAST 1/4 OF
SECTION 15, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN,
ACCORDING TO THE PLAT THEREOF RECORDED SEPTEMBER 28, 1954, AS DOCUMENT NUMBER
16028027 AND FILED SEPTEMBER 28,1954, IN THE OFFICE OF THE REGISTER OF TITLES OF COOK
COUNTY, ILLINOIS, AS DOCUMENT NUMBER 1549802, IN COOK COUNTY, ILLINOIS.

THIS INSTRUMENT WAS PREPARED BY
B. FISHER
20 N. LA SALLE STREET
SUITE 2520
CHICAGO ILLINOIS 60602

07/19/2002 GWEN AUSTIN



BOX 50

0030433824 Page 2 of 2

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

58502

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

FILED FOR DOCKETING
04 JAN 14 AM 10: 48
CLERK
U.S. DISTRICT COURT

MIDFIRST BANK

OKLAHOMA

**DEFENDANTS**

KIMBERLY A. JOHNSON

COOK

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Fisher & Fisher, Attorneys At Law, PC
120 North LaSalle, Ste. 2520
Chicago, IL 60602
312-372-4784

ATTORNEYS (IF KNOWN)

04C 0247
JUDGE MANNING

MAGISTRATE JUDGE KEYS

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

MORTGAGE FORECLOSURE - 28 U.S. 1332

DOCKETED
JAN 15 2004

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☒ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** $79,322.27

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. REMARKS

In response to ☐ is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐ is a refiling of case number ____ of Judge ____

DATE JAN 14 2004

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In the Matter of

MIDFIRST

VS

KIMBERLY A. JOHNSON

58502

Case Number: 04C 0247

JUDGE MANNING

FILED FOR DOCKETING
04 JAN 14 AM 10: 48
CLERK
U.S. DISTRICT COURT

MAGISTRATE JUDGE KEYS

## APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MIDFIRST BANK

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME ELIZABETH KAPLAN MEYERS | NAME RENEE MELTZER KALMAN |
| FIRM FISHER AND FISHER | FIRM FISHER AND FISHER |
| STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 | STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP CHICAGO, IL 60602 | CITY/STATE/ZIP CHICAGO, IL 60602 |
| TELEPHONE NUMBER 312-372-4784 / FAX NUMBER 312-372-4398 | TELEPHONE NUMBER 312-372-4784 / FAX NUMBER 312-372-4398 |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6196562 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6198331 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |

DOCKETED
JAN 1 5 2004

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME MICHAEL S. FISHER | NAME James R. Riegel |
| FIRM FISHER AND FISHER | FIRM FISHER AND FISHER |
| STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 | STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP CHICAGO, IL 60602 | CITY/STATE/ZIP CHICAGO, IL 60602 |
| TELEPHONE NUMBER 312-372-4784 / FAX NUMBER 312-372-4398 | TELEPHONE NUMBER 312-372-4784 / FAX NUMBER 312-372-4398 |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6216064 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6239016 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |

1-20 c

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ι the Matter of

MIDFIRST

VS

KIMBERLY A. JOHNSON

ED-7
FILED FOR DOCKETING

04 JAN 14 AM 10: 48

CLERK
U.S. DISTRICT COURT

58502

Case Number: 04C 0247

JUDGE MANNING

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MIDFIRST BANK

MAGISTRATE JUDGE KEYS

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME KENNETH H. FISHER | NAME CYNTHIA A. SUTHERIN |
| FIRM FISHER AND FISHER | FIRM FISHER AND FISHER |
| STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 | STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP CHICAGO, IL 60602 | CITY/STATE/ZIP CHICAGO, IL 60602 |
| TELEPHONE NUMBER 312-372-4784 / FAX NUMBER | TELEPHONE NUMBER 312-372-4784 / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 0817759 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6256989 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

DOCKET
JAN 1 5 2004

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME MARC D. ENGEL | NAME RANDALL SCOTT BERG |
| FIRM FISHER AND FISHER | FIRM FISHER AND FISHER |
| STREET ADDRESS 120 N. LASALLE STREET, SUITE 2520 | STREET ADDRESS 120 N. LASALLE, SUITE 2520 |
| CITY/STATE/ZIP CHICAGO, IL 60602 | CITY/STATE/ZIP CHICAGO, IL 60602 |
| TELEPHONE NUMBER 312-372-4784 / FAX NUMBER | TELEPHONE NUMBER 312-372-4784 / FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6255891 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6277119 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

1-14

UNIT STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

n the Matter of
MIDFIRST     ED-7
    FILED FOR DOCKETING
VS
KIMBERLY A. JOHNSON   04 JAN 14 AM 10:48

CLERK
U.S. DISTRICT COURT

**04C 0247**    58502

Case Number:

**JUDGE MANNING**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:
MIDFIRST BANK

**MAGISTRATE JUDGE KEYS**

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: F. ALLAN STORNING | NAME: JOSEPH M. HERBAS |
| FIRM: FISHER and FISHER ATTORNEY'S AT LAW | FIRM: FISHER AND FISHER ATTORNEY'S AT LAW |
| STREET ADDRESS: 120 NORTH LASALLE STREET, SUITE 2520 | STREET ADDRESS: 120 NORTH LASALLE STREET, SUITE 2520 |
| CITY/STATE/ZIP: CHICAGO, IL 60602 | CITY/STATE/ZIP: CHICAGO, IL 60602 |
| TELEPHONE NUMBER: (312) 372-4784   FAX NUMBER: (312) 372-4398 | TELEPHONE NUMBER: (312) 372-4784   FAX NUMBER: (312) 372-4398 |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6244849 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE): 6277645 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☒ NO ☐ |

JAN 15 2004

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER   FAX NUMBER | TELEPHONE NUMBER   FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☒ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |